UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT,<br><br>       Plaintiff,<br><br> - against -<br><br>ADVANCE LOCAL LLC<br><br>       Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Angel Chevrestt ("Chevrestt" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Advance Local LLC ("Advance" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of New York Jets quarterback Geno Smith, owned and registered by Chevrestt, a New York City based photojournalist. Accordingly, Chevrestt seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Chevrestt is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 74 Forest Road, Dumont, New Jersey 07628. Chevrestt has won numerous awards and fellowships, including the New York Foundation for the Arts' Gregory Millard Fellowship and the Bronx Council of the Arts Fellowship.

6. Upon information and belief, Advance is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 1 World Trade Center, New York, NY 10007. Upon information and belief, Advance is registered with the New York Department of State, Division of Corporation to do business in the State of New York. At all times material hereto, Advance has owned and operated a website at the URL: www.gulflive.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. On August 11, 2015, just two days before the New York Jets were scheduled to play their pre-season opener against the Detroit Lions, starting quarterback Geno Smith suffered a broken jaw after he was punched by teammate Ikemefuna Enemkpali during a locker room altercation. Smith had surgery on August 13, 2015 and was expected to be out for six to ten weeks. The altercation and Smith's injury were not only heavily covered by the sports press in New York City, but the incident also became national news.

8.  On August 15, 2015 two days after Smith's surgery, Chevrestt caught a shirtless Smith throwing passes to a friend outside of Smith's apartment and took photographs of him, the first photographs taken of Smith after his surgery. A true and correct copy of said photograph (the "Photographs") is attached hereto as Exhibit A.

9.  Chevrestt then licensed the Photograph to the New York Post. On August 16, 2015, the New York Post ran an "exclusive" article that featured the Photograph entitled *Big Mouth! Geno emerges for the first time post-sucker punch surgery*. See http://nypost.com/2015/08/16/geno-smith-feeling-great-post-sucker-punch-surgery/. Cheverestt's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article is attached hereto as Exhibit B.

10. Chevrestt is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with the United State Copyright Office and was given Copyright Registration Number VA 2-013-631.

**B.  Defendant's Infringing Activities**

12. Upon information and belief, on or about August 17, 2015, Advance ran an article on the Website entitled *Jets' Geno Smith photographed throwing football after jaw surgery, coach not happy*. See http://www.gulflive.com/sports/index.ssf/2015/08/jets_geno_smith_photographed_t.html. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

13. Advance did not license the Photograph from Plaintiff for its article, nor did Advance have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ADVANCE)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Advance infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Advance is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Advance have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ADVANCE**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published in an article in the New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article on the Website, Advance intentionally and knowingly removed copyright management information identifying Plaintiff as the Photographer of the Photograph and replaced such information with false, altered and inaccurate copyright management information that falsely identified the Photographer of the Photograph.

23. The conduct of Advance violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Advances' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Advance intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Advance also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Advance as alleged herein, Plaintiff is entitled to recover from Advance the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Advance because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Advance statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Advance be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or 2) alternatively, statutory damages up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       October 10, 2016

                                            LIEBOWITZ LAW FIRM, PLLC

                                            By: /s/Richard Liebowitz
                                                Richard P. Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, NY 11580
                                            Tel: (516) 233-1660
                                            RL@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff Angel Chevrestt*